1  SANDRA L. MCDONOUGH (SBN 193308)
   smcdonough@paulplevin.com
2  KARIN K. SHERR (SBN 229423)
   ksherr@paulplevin.com
3  GREGORY J. HALSEY (SBN 265431)
   ghalsey@paulplevin.com
4  PAUL, PLEVIN, SULLIVAN &
   CONNAUGHTON LLP
5  401 B Street, Tenth Floor
   San Diego, California 92101-4232
6  Telephone: 619-237-5200
   Facsimile: 619-615-0700

7

8  Attorneys for Defendants
   HSBC FINANCE CORPORATION and HSBC
9  PAY SERVICES, INC.

10            UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12  SANDRA OLMOS-PETROVICH,          CASE NO. CV11-5548 GHK(MRWx)
    on behalf of herself and all others
13  similarly situated,              [Superior Court of the State of
                                     California, County of Los Angeles
14            Plaintiff,             Case No. BC461627]

15       v.                          NOTICE OF REMOVAL TO
                                     FEDERAL COURT UNDER 28 U.S.C.
16  HSBC PAY SERVICES, INC., a       RELATED CASES
    Delaware corporation; HSBC
17  FINANCE CORPORATION, a           (LOCAL RULE 83-1.3)
    Delaware corporation; and DOES 1-
18  50, INCLUSIVE,
                                     _____
19            Defendants.
                                     Date:
20                                   Time:
                                     Courtroom:
21                                   Judge:
                                     Trial Date:
22

23  TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL

24  PARTIES AND THEIR ATTORNEYS OF RECORD:

25       PLEASE TAKE NOTICE that defendants HSBC Finance Corporation

26  ("HSBC Finance") and HSBC Pay Services, Inc. ("HSBC Pay Services")

27  (collectively "Defendants") hereby remove this action from the Superior Court of

28  California for the County of Los Angeles, to this Court. The state court action is a

PAUL, PLEVIN,                        1                              00cv0000
SULLIVAN &
CONNAUGHTON LLP

1   civil action of which this Court has original jurisdiction under 28 U.S.C. section

2   1332 (diversity jurisdiction), and is one that may be removed to this Court by

3   defendant pursuant to 28 U.S.C. section 1441.

4   ## CASE HISTORY

5   1.   On May 27, 2011, an action was filed in the Superior Court of the

6   State of California in and for the County of Los Angeles, entitled *Sandra Olmos-*

7   *Petrovich v. HSBC Pay Services, Inc.,, et. al*, as case number BC461627.

8   2.   On June 6, 2011, Plaintiff's counsel sent Defendants' counsel a copy

9   via Priority U.S. Mail of the Summons and Complaint and a Notice of

10  Acknowledgment of Receipt for HSBC Pay Services, Inc., and HSBC Finance

11  Corporation.  Defendants' counsel signed and returned the Notice of

12  Acknowledgment of Receipt for HSBC Pay Services, Inc., and HSBC Finance

13  Corporation on July 6, 2011.  As a result, service of the summons and complaint is

14  complete as of July 6, 2011.  Additionally, Plaintiff has not served HSBC Pay

15  Services, Inc., or HSBC Finance Corporation with a copy of the Summons and

16  Complaint through other means.

17  3.   The only pleadings mailed to Defendants in this case are the Summons

18  and Complaint (attached hereto as Exhibit A); collectively, Civil Case Cover Sheet

19  and Civil Case Cover Sheet Addendum and Statement Location and Notice of Case

20  Assignment (attached hereto as Exhibit B); the ADR package (attached hereto as

21  Exhibit C); and the Notices and Acknowledgment of Receipt to each Defendant

22  (attached hereto as Exhibit D).  Defendants filed an answer in state court on July 6,

23  2011 (attached hereto as Exhibit E).

24  ## DIVERSITY JURISDICTION

25  4.   Plaintiff was at all relevant times a resident of the State of California.

26  The complaint is silent as to the residence of Plaintiff, but it does not indicate that

27  she is a resident of the same states as Defendants.  Residence is prima facie

28  evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514,

1   519-520 (10th Cir. 1994).

2        5.     Defendants HSBC Finance and HSBC Pay Services are Delaware

3   corporations, with their principal places of business in Illinois.

4        6.     Under a "substantial predominance" analysis, no single state conducts

5   the vast majority of Defendants' business activities. *See Industrial Tectonics, Inc.*

6   *v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990); *Davis v. HSBC Bank Nevada,*

7   *N.A.*, 557 F.3d 1026, 1028-29 (9th Cir. 2009).

8        7.     Under the "nerve center" test, Defendants' HSBC Finance and HSBC

9   Pay Services' principal place of business is in Illinois. *See Hertz Corp. v. Friend*,

10   130 S.Ct. 1181, 1192 (2010). Defendants' corporate headquarters, where the

11   majority of executive and administrative functions are performed, and corporate

12   officers and executives are located in Illinois. Accordingly, Defendants' principal

13   place of business is appropriately in Illinois. For purposes of diversity jurisdiction,

14   Defendants HSBC Finance and HSBC Pay Services are citizens of Delaware and/or

15   Illinois. No Defendant is a citizen of California.

16   **<u>AMOUNT IN CONTROVERSY</u>**

17        8.     Under 28 U.S.C. § 1331(a), only one named plaintiff in a putative

18   class must satisfy the amount in controversy requirement. *Exxon Mobil Corp. v.*

19   *Allapattah Services, Inc.*, 545 U.S. 546, 559 (2005). Here, Defendants have a

20   reasonable, good faith belief that plaintiff seeks damages in excess of the

21   jurisdictional amount of this Court, $75,000, notwithstanding the fact the

22   complaint expressly states that the amount in controversy for plaintiff is less than

23   $75,000, for the following reasons:

24        (a)     Plaintiff's complaint alleges violation of California Labor Code

25   sections 223, 226.7, 510, 512, 1194, and 1198 *et seq.*, California Business and

26   Professions Code section 17200 *et seq.* and California Code of Civil Procedure

27   section 1021.5 *et seq.* (*See* Exhibit A);

28        (b)     Plaintiff claims she is owed, among other things, compensatory

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

00cv0000

1  damages. (*See* Exhibit A ¶¶ 38, 39, 41, Prayer ¶ D)[1];

2          (c)    Plaintiff claims she is owed statutory penalties, civil penalties

3  and restitution (*See* Exhibit A ¶¶ 38, 39, 41, Prayer ¶¶ E, H and J);

4          (d)    Plaintiff claims she is owed prejudgment interest (*See* Exhibit

5  A, Prayer ¶ G); and

6          (e)    Plaintiff is requesting an award of attorneys' fees pursuant to

7  statute (*See* Exhibit A ¶¶ 39, 41, Prayer ¶ I).

8          9.    Where a plaintiff's state court complaint is silent as to the specific

9  amount of damages claimed, the removing defendant need only establish that it is

10  more probable than not that plaintiff's claim exceeds the jurisdictional minimum.

11  *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-62 (9th Cir. 1996); *Nasiri*

12  *v. Allstate Indem. Co.*, 41 Fed.Appx. 76, 77 (9th Cir. 2002) (If a "complaint does

13  not set forth a sum-certain amount of damages, the defendant must prove by a

14  preponderance of evidence that the amount in controversy exceeds the

15  jurisdictional requirement.").  Additionally, even where a plaintiff attempts to

16  sabotage diversity jurisdiction by alleging in her state court complaint that the

17  individual claims of members of the classes do not exceed $75,000, the removing

18  defendant's burden to prove that plaintiff's claim exceeds the jurisdictional

19  minimum remains a preponderance of evidence standard.  *Guglielmino v. McKee*

20  *Foods Corp.*, 506 F.3d 696, 701 (9th Cir.2007) (district court properly applied a

21  preponderance of the evidence standard where the complaint alleged that each of

22  plaintiff's damages were less than $75,000 but the prayer for relief did not include

23  a total dollar amount in controversy and sought several forms of relief in addition

24  to damages).

25          10.    In determining whether the amount in controversy exceeds $75,000,

26

27  [1] Plaintiff's Civil Case Cover sheet also checks the box indicating that she is seeking "punitive"
damages. *See* Exh. B.

28

1   the Court must presume the plaintiff will prevail on each and every one of her

2   claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d

3   993, 1001 (C.D. Cal. 2002), *citing*, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096

4   (11th Cir. 1994).

5        11.   The amount in controversy may include general and special

6   compensatory damages, damages punitive in nature, as well as attorney's fees

7   recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th

8   Cir. 1998); *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th

9   Cir. 1963).

10        12.   Plaintiff's allegations satisfy the jurisdictional prerequisite for the

11   amount in controversy because it is apparent from the complaint that plaintiff's

12   prayer for relief exceeds $75,000 (See Exhibit A, ¶¶ 38, 39, 41 and Prayer.).  Just

13   in statutory penalties alone, plaintiff's potential recovery pursuant to Labor Code

14   223, 226.7, 510, and 512 could come close to, or exceed, $75,000 if she prevails on

15   each of her theories. (*See* Exhibit A, ¶¶ 38, 39, 41.)  The penalties defined under

16   each of these Labor Codes allow for recoveries ranging from $100 to $1,000 for

17   each initial and subsequent violation, up to certain maximum amounts.  Further,

18   plaintiff seeks wages and attorneys' fees, pursuant to Civil Code section 1021.5,

19   which will likely exceed $75,000. (Exhibit A, ¶¶39, 41.)  Plaintiff's conclusory

20   allegations that none of the plaintiffs' claims exceeds $75,000 has no effect upon

21   Defendants' burden for removal and does not diminish Defendants' proof that the

22   named plaintiff more likely than not actually seeks damages in excess of $75,000.

23   *See, e.g.*, *White v. FCI USA, Inc.*, 319 F.3d 672, 674-75 (5th Cir. 2003).

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

00cv0000

# REMOVAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

13.     The CAFA provides an additional and alternate basis for diversity jurisdiction in this action.  The CAFA amended the diversity jurisdiction statute, 28 U.S.C. § 1332, by adding provisions that give federal courts original jurisdiction in class actions where the following factors are met:

(a)     The aggregate amount in controversy exceeds $5,000,000;

(b)     Any member of the plaintiff class is a citizen of a State different from any defendant ("minimal diversity");

(c)     The primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and

(d)     The number of members of the plaintiff class is numerous and likely well over 100.

28 U.S.C. § 1332(d)(2), (d)(5); *see also Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

## A.     Minimal Diversity

14.     The minimal diversity requirement has been met in this case.  As noted above, Defendants are citizens of Delaware and/or Illinois and plaintiff, or at least one member of plaintiff's putative class is a citizen of a state other than Delaware and/or Illinois.  Therefore, the minimal diversity requirement of CAFA is completely satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

15.     Also, no Defendant is a state, state official or government entity "against whom the district court may be foreclosed from ordering relief."

16.     Further, the alleged practices, procedures and execution of payment of the putative classes' wages all stem from the principal place of business in a state other than California.

/ / /

**B.      Class Size**

17.      Plaintiff's complaint pleads 3 definitions of class and sub-class members. (*See* Exhibit A, ¶14.)  These class definitions cover a broad spectrum of the hourly California employees of Defendants.  Consequently, since Defendants, had over the last year as many as 890 hourly employees in California and have had many more than that in the aggregate over the several years that span the alleged class definitions, the scope of Plaintiff's complaint encompasses well over the minimum 100 putative class members.

**C.      Amount in Controversy:**

18.      Although Plaintiff's Complaint does not set forth the precise amount of damages being sought from Defendants, the allegations therein make it clear that the aggregated amount in controversy for the putative class of more than 890 exceeds $5,000,000.  See 28 U.S.C. § 1332(d)(6) ("the claims of the individual class members shall be aggregated to determine whether the matter in controversy the sum or value of $5,000,000").

19.      As explained above, Defendants' burden to demonstrate the amount in controversy is low.  Since Plaintiff has not alleged a specific amount in controversy, Defendants must only prove that it is more likely than not that Plaintiff's class recovery will exceed $5,000,000.  *See Guglielmino*, 506 F.3d at 701; *See also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (Defendant must only show a reasonable probability that plaintiff's claim exceeds the jurisdictional requirement).  Defendants have satisfied this burden.

20.      The sheer breadth of Plaintiff's putative class size as pled assists in aggregating the amount in controversy to beyond $5,000,000.  However, assuming *arguendo* that the putative class consists of only 100 members (which is nearly 1/9 of the current class size as pled), it would only require the sum of damages in the amount of $50,000 per employee to exceed the amount in controversy requirement. As described above, the penalties (including meal period wages) per putative class

1   employee could exceed $75,000 because Defendants could potentially suffer

2   multiple penalties *every* pay period ranging from $100 to $1,000 per employee if

3   the putative class prevails on each theory.  (*See* Exhibit A, ¶¶14, 38, 39 and 41.)

4         21.     Further, Plaintiff seeks statutory attorney's fees and civil penalties for

5   the alleged overtime, meal periods and unfair competition causes of action of her

6   Complaint.  *See* Exhibit A, ¶¶ 38, 39, 41 and Prayer; *Galt G/S v. JSS Scandavia*,

7   142 F.3d 1150, 1156 (9th Cir.1998) ("[W]here an underlying statute authorizes an

8   award of attorneys' fees, either with mandatory or discretionary language, such

9   fees may be included in the amount in controversy").  For example, in a recent case

10   alleging similar - almost identical - Labor Code violations, Plaintiff's counsel

11   sought over $210,000.00 in attorney's fees, and gave examples of fees much higher

12   than that in class actions. (Attached hereto as Exhibit F.)

### CAFA EXCEPTIONS ARE NOT APPLICABLE

14         22.     Further, while 28 U.S.C. § 1332(4)(3)&(4) does recognize situations

15   where this Court may or must decline jurisdiction despite the fact that the minimal

16   diversity and the amount in controversy requirements are satisfied, this case does

17   not fall into either category because Defendants are not citizens of California. *See*

18   28 U.S.C. §§ 1331(d)(3) (discretionary declination of jurisdiction limited to

19   situations where "the primary defendants are citizens of the state where the action

20   was originally filed.") and 1331(d)(4)(A) (local controversy mandatory declination

21   limited to where "at least one defendant is ... a citizen of the State in which the

22   class action was filed."); *see also* 1331(d)(4)(B) (home state controversy

23   mandatory declination limited to cases where "the primary defendants are citizens

24   of the State in which the action was originally filed.").  Additionally, Plaintiff

25   shoulders the burden of establishing that any of these exceptions apply. *Hart v.*

26   *FedEx Ground Package System, Inc.*, 457 F.3d 675, 682 (7th Cir. 2006) ("Our

27   holding [is] that the plaintiff has the burden of persuasion on the question whether

28   the home-state or local controversy exceptions apply.").

## REMOVAL JURISDICTION

23.     This Notice of Removal has been filed within 30 days after service of the complaint.  The United States Supreme Court has held that a defendant's receipt of a complaint only triggers 28 U.S.C. § 1446(b)'s removal period if proper service has been effected when the complaint is received. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).  Here, Plaintiff effected proper service of the Summons and Complaint upon Defendants today. Therefore, Defendants have filed this removal well within the 30-day time period mandated by 28 U.S.C. § 1446(b).

24.     For all the foregoing reasons, this Court has original jurisdiction of this action under 28 U.S.C. §§ 1332(a), 1441 and 1446(b).

25.     Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a)  because the state action was filed in this district, and it is the judicial district in which the action arose.

WHEREFORE, Defendants pray the above action now pending against it in the Superior Court of the State of California for the County of Los Angeles be removed therefrom to this Court.

Dated: July 6, 2011                    PAUL, PLEVIN, SULLIVAN &
                                       CONNAUGHTON LLP


                                       By: _____
                                       SANDRA L. MCDONOUGH
                                       KARIN K. SHERR
                                       GREGORY J. HALSEY
                                       Attorneys for Defendants
                                       HSBC FINANCE CORPORATION
                                       and HSBC PAY SERVICES, INC.

# EXHIBIT A

| 10:51:51 a,m, 05—27—2011 | 2 | The Spivak Law Firm |
|---|---|---|

To: Civil Unlimited Filings - LASC      Page 2 of 18          2011-05-27 17:52:05 (GMT)          The Spivak Law Firm  From: David Glenn Spivak

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HSBC PAY SERVICES, INC., a Delaware corporation; HSBC FINANCE
CORPORATION, INC., a Delaware corporation; and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SANDRA OLMOS-PETROVICH, on behalf of herself and all others similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 27 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Nancy Alvarez

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012

CASE NUMBER:
*(Número de caso)*
BC 461627

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: David Spivak, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE SPIVAK LAW FIRM
9454 Wilshire Blvd, Suite 303, Beverly Hills, CA 90212                                    3104994730

DATE:                         JOHN A. CLARKE                Clerk, by                          NANCY ALVAREZ       Deputy
*(Fecha)* MAY 27 2011                                      *(Secretario)* _____                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)                    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)            ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LYCDOC

10:51:51 a.m. 05-27-2011      9      The Spivak Law Firm
To: Civil Unlimited Filings - LASC      Page 9 of 18                LASC                                      PAGE   03/03
2011-05-27 17:52:05 (GMT)                          The Spivak Law Firm  From: David Glenn Spivak

1  David Spivak (SBN 179684)
2      david@spivaklaw.com
   THE SPIVAK LAW FIRM
3  9454 Wilshire Boulevard, Suite 303
   Beverly Hills, California 90212
4  Telephone:    (310) 499-4730
5  Facsimile:    (310) 499-4739
   (Additional Counsel on Following Page)
6

7  Attorneys for Plaintiff
   SANDRA OLMOS-PETROVICH
8

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 27 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
        Nancy Alvarez

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                 **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**
11                          *(UNLIMITED JURISDICTION)*

12                                                          B C 4 6 1 6 2 7

13  SANDRA OLMOS-PETROVICH, on behalf   )   Case No.
    of herself and all others similarly situated,  )
14                                                  )   **CLASS ACTION**
        Plaintiff,                                  )
15                                                  )   **COMPLAINT FOR:**
        vs.                                         )   1.  Unfair Competition
16                                                  )       (Bus. & Prof. Code §§ 17200, *et seq.*);
    HSBC PAY SERVICES, INC., a Delaware  )           and
17  corporation; HSBC FINANCE            )   2.  Unpaid Overtime Wages
    CORPORATION, a Delaware corporation; )       (Lab. Code § 1194).
18  and DOES 1-50, inclusive,           )
19                                       )
        Defendants.                      )   **JURY TRIAL DEMANDED**
20  _____ )

21

22

23

24

25

26

27

28

1

## ADDITIONAL COUNSEL FOR PLAINTIFF

2

Shaun Setareh (SBN 204514)

3          setarehlaw@sbcglobal.net
Hayley Schwartzkopf (SBN 265131)

4          hayley.setarehlaw@sbcglobal.net
LAW OFFICES OF SHAUN SETAREH

5   9454 Wilshire Boulevard, Penthouse Floor

6   Beverly Hills, California 90212
Telephone:      (310) 888-7771

7   Facsimile:       (310) 888-0109

8

Louis Benowitz (SBN 262300)

9          louis@benowitzlaw.com
LAW OFFICES OF LOUIS BENOWITZ

10   9454 Wilshire Boulevard, Penthouse Floor

11   Beverly Hills, California 90212
Telephone:      (310) 888-7771

12   Facsimile:       (310) 888-0109

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Sandra Olmos-Petrovich ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings class and representative action based on alleged violations of the Labor Code, Industrial Welfare Commission Order No. 4-2001 (hereafter "the Wage Order"), and the Business and Professions Code against defendants HSBC Pay Services, Inc., HSBC Finance Corporation, and Does 1-50, inclusive (collectively "Defendants"). As set forth below in more detail below, Plaintiff alleges that Defendants are liable to her and similarly situated employees for restitution and related relief based on its alleged failures to pay them premium and overtime wages.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction because the aggregate claims of Plaintiff and class members, inclusive of all relief, place more than $25,000 in controversy.

3.     There is no basis for federal question subject matter jurisdiction as to the claims that Plaintiff asserts on behalf of herself and class members because all of the claims asserted herein solely arise under California, rather than federal, law.

4.     There is no basis for federal diversity jurisdiction as to the individual claims of Plaintiff and class members in this case because none of their claims, inclusive of all relief, individually place more than $75,000 in controversy.

5.     There is also no basis for federal diversity jurisdiction as to the aggregate claims of Plaintiff and class members in this case because their claims, inclusive of all relief, place less than $5 million in controversy.

6.     Venue is proper in Los Angeles County pursuant to Code of Civil Procedure Sections 395(a) and 395.5 in that liability arose in Los Angeles County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or because each defendant is found, maintains offices, transacts business, and/or has an agent therein.

///

///

## PARTIES

7.    Plaintiff is a former hourly employee of Defendants who worked in Los Angeles County, California during the three-year time period before the filing of this action.

8.    Defendant HSBC Pay Services, Inc. is a Delaware corporation.

9.    Defendant HSBC Finance Corporation is a Delaware corporation.

10.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as Does 1-50, inclusive, but is informed and believes that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the Doe defendants when ascertained.

11.    Plaintiff is informed and believes that one or more of the defendants referred to herein have employed persons and engaged in unlawful labor and payroll practices in California during the applicable limitations periods.

12.    Plaintiff is informed and believes that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to each of the other defendants.

## CLASS ALLEGATIONS

13.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

14.    The class and subclass members are defined as follows:

    **First Meal Period Class:** All hourly employees of Defendants in California who, during the period from four years before the filing of this action to the date of final judgment, worked one or more shifts of more than 6 hours without clocking out for any meal period during such a shift.

    **Second Meal Period Class:** All hourly employees of Defendants in California who, during the period from four years before the filing of this action to the date of final judgment, worked a shift of more than 10 hours.

4

**Overtime Class:** All hourly employees of Defendants in California who, during the period from four years before the filing of this action to the date of final judgment, were paid for recorded hours in excess of 8 hours in one workday and/or 40 hours in one workweek under the code "OTH."

15.     Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

16.     The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number of class members exceeds the minimum number required for numerosity under California law.

17.     Common questions of law and fact exist as to all class members and predominate over any questions which only affect individual class members, including, but not limited to:

A.     Whether Defendants, as matters of policy and practice, failed to pay premium wages to **First Meal Period Class** members when they worked shifts in excess of 6 hours without clocking out for any meal period?

B.     Whether Defendants, as matters of policy and practice, failed to provide meal periods to **Second Meal Period Class** members by not establishing policies that affirmatively authorized and permitted such meal periods?

C.     Whether Defendants are liable to **First Meal Period Class** and **Second Meal Period Class** members for restitution of earned premium wages?

D.     Whether Defendants, as matters of policy and practice, paid **Overtime Class** members non-overtime wage rates for recorded overtime hours by paying them for those hours under the code "OTH"?

E.     Whether Defendants are liable to **Overtime Class** members for earned overtime wages?

18.     Plaintiff's claims are typical of class members' claims in that, based on her information and belief, both her claims and theirs arise from policies and/or practices that Defendants applied to all class members.

5

19.     Plaintiff will fairly and adequately represent and protect the interests of class members in that he has no interests adverse to those of absent class members and is represented by counsel with experience in employment and class action litigation.

20.     A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff, First Meal Period Class, Second Meal Period Class, and Overtime Class)

21.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

22.     Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

23.     Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

24.     At all relevant times, Plaintiff, **First Meal Period Class, Second Meal Period Class**, and **Overtime Class** members have been non-exempt employees of Defendants and thus have been entitled to the full protections of both the Labor Code and the Wage Order.

///

6

25.     Labor Code § 512 and Section 11 of the Wage Order require that employers provide uninterrupted meal periods of no less than 30 minutes to employees who work shifts of at least 5 hours and prohibit any waivers of said meal periods for employees who work shifts of more than 6 hours.

26.     Labor Code § 512 and Section 11 of the Wage Order require that employers provide two uninterrupted meal periods of no less than 30 minutes to employees who work shifts of more than 10 hours and prohibit any waivers of said meal periods for employees who work shifts of more than 12 hours.

27.     Labor Code § 226.7 and Section 11 of the Wage Order require that employers pay an additional hour of wages to non-exempt employees at their regular rates of compensation when they are not provided with a meal period required under the Wage Order.

28.     Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

29.     At all relevant times during her employment, Defendants failed to pay premium wages to Plaintiff when she worked shifts in excess of 6 hours without clocking out for any meal period.

30.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to **First Meal Period Class** members when they have worked shifts in excess of 6 hours without clocking out for any meal period.

31.     At all relevant times during her employment, Defendants employed Plaintiff for shifts of more than 10 hours without providing her with second meal periods and without paying her premium wages.

32.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have employed **Second Meal Period Class** members for shifts of more than 10 hours without providing them with second meal periods and without paying them premium wages.

///

*Olmos-Petrovich v. HSBC Pay Services, Inc., et al.*                    *Complaint*

33.     Labor Code §§ 223, 510, 1194, and 1198, and Section 3 the Wage Order require an employer to pay a non-exempt employee no less than one and one-half times the employee's regular rate of pay for all hours worked in excess of 8 hours in one workday, in excess of 40 hours in one workweek, and for the first 8 hours worked on a seventh consecutive workday, and at no less than twice the employee's regular rate of pay for all hours worked in excess of 12 hours in a workday and/or in excess of 8 hours on a seventh consecutive workday.

34.     At all relevant times during her employment, Defendants paid Plaintiff for recorded hours worked in excess of 8 hours in one workday and 40 hours in one workweek at non-overtime hourly rate under the code "OTH" instead of at legal overtime rates.

35.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have paid **Overtime Class** members for recorded hours worked in excess of 8 hours in one workday and/or 40 hours in one workweek at non-overtime hourly rates under the code "OTH" instead of at legal overtime rates.

36.     Plaintiff lost money or property in the form of earned wages as a result of unfair competition by virtue of Defendants' alleged failures to pay her those wages in violation of the above-referenced sections of the Labor Code and the Wage Order.

37.     Plaintiff is informed and believes that Defendants may have acquired money or property from **First Meal Period Class**, **Second Meal Period Class**, and **Overtime Class** members as a result of unfair competition by virtue of their alleged failures to pay class members those wages in violation of the above-referenced sections of the Labor Code and the Wage Order.

38.     Pursuant to Business and Professions Code §§ 17203–17204, Plaintiff, on behalf of herself, the **First Meal Period Class**, **Second Meal Period Class**, and the **Overtime Class**, seeks an order awarding restitution of unpaid wages that Defendants acquired, or may have acquired, by means of unfair competition in amounts subject to proof.

39.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself, the **First Meal Period Class**, **Second Meal Period Class**, and the **Overtime Class**, seeks awards of reasonable costs and

attorneys' fees in amounts subject to proof.

## SECOND CAUSE OF ACTION

### UNPAID OVERTIME WAGES

### (Lab. Code § 1194)

### (By Plaintiff and Overtime Class)

40.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

41.    Pursuant to Labor Code § 1194, Plaintiff, on behalf of herself and the **Overtime Class**, seeks to recover earned and unpaid overtime wages, interest thereon, and awards of reasonable costs and attorneys' fees, all in amounts subject to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays as follows for judgment against Defendants for and relief against them of less than $5 million in the aggregate:

        A.    An order that the action be certified as a class action;

        B.    An order that Plaintiff be appointed class representative;

        C.    An order that counsel for Plaintiff be appointed class counsel;

        D.    Damages;

        E.    Restitution;

        F.    Declaratory relief;

        G.    Pre-judgment interest;

        H.    Costs of suit;

        I.    Reasonable attorney's fees; and

        J.    Such other relief as the Court deems just and proper.

///
///
///
///
///

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

LAW OFFICES OF SHAUN SETAREH
THE SPIVAK LAW FIRM
LAW OFFICES OF LOUIS BENOWITZ

Dated: May 26, 2011

BY

DAVID SPIVAK
Attorneys for Plaintiff
SANDRA OLMOS-PETROVICH

# EXHIBIT B

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>David Spivak, Esq.          SBN: 179684<br>THE SPIVAK LAW FIRM          e-mail: david@spivaklaw.com<br>9454 Wilshire Blvd, Suite 303, Beverly Hills, CA 90212<br>TELEPHONE NO.: 3104994730          FAX NO.: 3104994739<br>ATTORNEY FOR *(Name)*: Sandra Olmos-Petrovich | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: SANDRA OLMOS-PETROVICH v. HSBC PAY SERVICES, INC., a
Delaware corporation;

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c.[X] punitive
4. Number of causes of action *(specify)*: TWO (2)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 27, 2011

David Spivak, Esq.
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | | |
|---|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | ProDoc® | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In Item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: OLMOS-PETROVICH v. HSBC PAY SERVICES, INC., et al. | CASE NUMBER |
|---|---|

FOR COURT USE ONLY

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES    CLASS ACTION? [X] YES    LIMITED CASE? [ ] YES    TIME ESTIMATED FOR TRIAL 21    [ ] HOURS/ [X] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | [ ] A6070  Asbestos Property Damage<br>[ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons<br>[ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250  Premises Liability (e.g., slip and fall)<br>[ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>[ ] A7270  Intentional Infliction of Emotional Distress<br>[ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: OLMOS-PETROVICH v. HSBC PAY SERVICES, INC., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: OLMOS-PETROVICH v. HSBC PAY SERVICES, INC., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Judicial Review | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Judicial Review | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Judicial Review | Other Judicial Review (39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| Provisionally Complex Litigation | Construction Defect (10) | ☐ A6007   Construction Defect | 1., 2., 3. |
| Provisionally Complex Litigation | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| Provisionally Complex Litigation | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| Provisionally Complex Litigation | Toxic Tort Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| Provisionally Complex Litigation | Insurance Coverage Claims from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| Miscellaneous Civil Complaints | Other Complaints (Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| Miscellaneous Civil Petitions | Other Petitions (Not Specified Above) (43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: OLMOS-PETROVICH v. HSBC PAY SERVICES, INC., et al. | CASE NUMBER |
| --- | --- |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☒ 1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>931 Corporate Center Drive |
| --- | --- |

| CITY:<br>Pomona | STATE:<br>CA | ZIP CODE:<br>91768 | |
| --- | --- | --- | --- |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the STANLEY MOSK_____ courthouse in the CENTRAL_____ District of the Los Angeles Superior Court [Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)].

Dated: May 27, 2011_____

_____
[SIGNATURE OF ATTORNEY/FILING PARTY]

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

**BC461627**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©).  There is additional information on the reverse side of this form

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| *Pending Assignment* | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias*** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 90005)
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the
Outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the
Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk
                                                                                                    By_____, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# EXHIBIT C

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

>       **Cases for Which Mediation May Be Appropriate**
>       Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

>       **Cases for Which Mediation May Not Be Appropriate**
>       Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

>       **Cases for Which Arbitration May Be Appropriate**
>       Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

>       **Cases for Which Arbitration May Not Be Appropriate**
>       If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

>       **Cases for Which Neutral Evaluation May Be Appropriate**
>       Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

>       **Cases for Which Neutral Evaluation May Not Be Appropriate**
>       Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-8151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

# EXHIBIT D

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David Spivak, Esq.        SBN: 179684<br>THE SPIVAK LAW FIRM<br>9454 Wilshire Blvd, Suite 303<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 3104994730      FAX NO. *(Optional):* 3104994739<br>E-MAIL ADDRESS *(Optional):* david@spivaklaw.com<br>ATTORNEY FOR *(Name):* Sandra Olmos-Petrovich | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER:   SANDRA OLMOS-PETROVICH, on behalf of herself and a

DEFENDANT/RESPONDENT: HSBC PAY SERVICES, INC., a Delaware corporation; HSB

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC461627 |
|---|---|

TO *(insert name of party being served):* HSBC PAY SERVICES, INC.

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 6, 2011

David Spivak, Esq.
_____
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

---

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1.  [X]  A copy of the summons and of the complaint.
2.  [X]  Other *(specify):* Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment - Unlimited Civil Case; ADR Information Package.

*(To be completed by recipient):*

Date this form is signed: _____

_____                    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,       (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**   ProDoc®

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| David Spivak, Esq.                    SBN: 179684<br>THE SPIVAK LAW FIRM<br>9454 Wilshire Blvd, Suite 303<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 3104994730          FAX NO. *(Optional)*: 3104994739<br>E-MAIL ADDRESS *(Optional)*: david@spivaklaw.com<br>ATTORNEY FOR *(Name)*: Sandra Olmos-Petrovich | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: SANDRA OLMOS-PETROVICH, on behalf of herself and a

DEFENDANT/RESPONDENT: HSBC PAY SERVICES, INC., a Delaware corporation; HSB

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC461627 |
|---|---|

TO *(insert name of party being served)*: HSBC FINANCE CORPORATION

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 6, 2011

David Spivak, Esq.
_____                    ▶ _____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [X] Other *(specify)*: Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment - Unlimited Civil Case; ADR Information Package.

*(To be completed by recipient)*:

Date this form is signed: _____

_____                    ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,                    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL   ProDoc® | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

# EXHIBIT E

1   SANDRA L. MCDONOUGH (SBN 193308)
    KARIN K. SHERR (SBN 229423)
2   GREGORY J. HALSEY (SBN 265431)
    **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
3   401 B Street, Tenth Floor
    San Diego, California 92101-4232
4   Telephone: 619-237-5200
    Facsimile: 619-615-0700

5

6   Attorneys for Defendants
    HSBC FINANCE CORPORATION and HSBC PAY
7   SERVICES, INC.

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF LOS ANGELES

10

| | |
|---|---|
| 11 SANDRA OLMOS-PETROVICH, on behalf of herself and all others similarly situated, | CASE NO. BC461627 |
| 12 | **DEFENDANTS HSBC FINANCE CORPORATION AND HSBC PAY** |
| 13       Plaintiff, | **SERVICES, INC.'S ANSWER TO PLAINTIFF SANDRA OLMOS-** |
| 14     v. | **PETROVICH'S UNVERIFIED COMPLAINT** |
| 15 HSBC PAY SERVICES, INC., a Delaware corporation; HSBC FINANCE | |
| 16 CORPORATION; a Delaware corporation; and DOES 1-50, inclusive,, | Dept: <br> Judge: <br> Complaint Filed:   May 27, 2011 <br> Trial Date:      Not Yet Set |
| 17       Defendants. | |

18

19       Defendants HSBC Finance Corporation and HSBC Pay Services, Inc. ("Defendants")

20   hereby answer Plaintiff Sandra Olmos-Petrovich's ("Plaintiff") unverified Complaint

21   ("complaint") on file in this case, on behalf of themselves, and no others, as follows:

22                   **GENERAL DENIAL**

23       Pursuant to the provisions of 431.30 of the California Code of Civil Procedure,

24   Defendants deny generally and specifically each and every allegation of the complaint and deny

25   that Plaintiff and the alleged putative class sustained damages in the sum or sums alleged, or in

26   any other sum or sums whatsoever, or at all.

27       Further answering Plaintiff's complaint and each cause of action asserted therein,

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANTS' ANSWER TO PLAINTIFF
SANDRA OLMOS-PETROVICH'S UNVERIFIED
COMPLAINT

        1

1  Defendants deny that Plaintiff has sustained any injury, damage, or loss, if any, by any unlawful

2  act or omission on the part of Defendants.

3  <center>**AFFIRMATIVE DEFENSES**</center>

4  For a further and separate answer to the allegations contained in Plaintiff's complaint,

5  Defendants submit the following affirmative defenses:

6  <center>**FIRST AFFIRMATIVE DEFENSE**</center>

7  <center>**(To All Causes of Action)**</center>

8  Neither the complaint nor any cause of action asserted therein states facts sufficient to

9  constitute a cause of action against Defendants.

10  <center>**SECOND AFFIRMATIVE DEFENSE**</center>

11  <center>**(To All Causes of Action)**</center>

12  A class action is an inappropriate vehicle for resolving the claims of Plaintiff and other

13  employees as described in the complaint because they do not share a community of interest, in

14  that they cannot satisfy the requirements of commonality, typicality, numerosity and/or adequacy

15  necessary to support class certification.  In so pleading, Defendants do not admit that they have

16  the burden of proving class certification is improper; rather it is Defendants' contention that

17  Plaintiff bears the burden of certifying a class.

18  <center>**THIRD AFFIRMATIVE DEFENSE**</center>

19  <center>**(To All Causes of Action)**</center>

20  Plaintiff is barred from the relief sought in her complaint based on the doctrine of

21  estoppel.

22  <center>**FOURTH AFFIRMATIVE DEFENSE**</center>

23  <center>**(To All Causes of Action)**</center>

24  Plaintiff's complaint, in whole or in part, is barred by the applicable statutes of limitations,

25  including, without limitation, California Code of Civil Procedure sections 337, 338, 339, 340 and

26  343; and California Business and Professions Code section 17208.

27  / / /

28  / / /

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANTS' ANSWER TO PLAINTIFF
SANDRA OLMOS-PETROVICH'S UNVERIFIED
COMPLAINT

2

**FIFTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action)**

Defendants are informed and believe, and on that basis allege, that Plaintiff has failed to exhaust her administrative remedies. Cal. Lab. Code § 2698 *et seq.*

**SIXTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action)**

Plaintiff is barred from the relief sought in her complaint based on the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action)**

Plaintiff is barred from the relief sought in her complaint based on the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action)**

The alleged conduct of which Plaintiff complains with respect to Labor Code section 226.7 and 512, if committed, was not willful or malicious, but rather, was made in good faith, honestly, and in the exercise of Defendants' business judgment.

**NINTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action)**

The California Division of Labor Standards Enforcement (DLSE) has special expertise in adjudicating the matters raised in the complaint, and accordingly the court should withhold resolution of the dispute under the doctrine of primary jurisdiction.

**TENTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

Defendants are informed and believe and thereon allege that they may have additional, as yet unasserted, defenses to Plaintiff's complaint or purported causes of action contained therein. Defendants specifically reserve the right to assert additional defenses as deemed appropriate at a later time.

WHEREFORE, Defendants pray as follows:

1.     Plaintiff take nothing by way of her complaint;

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANTS' ANSWER TO PLAINTIFF
SANDRA OLMOS-PETROVICH'S UNVERIFIED
COMPLAINT

3

1    2.    Plaintiff's complaint be dismissed, with prejudice;

2    3.    Defendants be awarded their costs of suit and attorneys' fees to the extent available

3    under applicable law; and

4    4.    Defendants be awarded such other and further relief as this Court deems proper.

5

6    Dated: July 6, 2011                    PAUL, PLEVIN, SULLIVAN &
                                            CONNAUGHTON LLP

7

8
                                    By: _____
9                                        SANDRA L. MCDONOUGH
                                         KARIN K. SHERR
10                                       GREGORY J. HALSEY
                                         Attorneys for Defendants
11                                       HSBC FINANCE CORPORATION and
                                         HSBC PAY SERVICES, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANTS' ANSWER TO PLAINTIFF
SANDRA OLMOS-PETROVICH'S UNVERIFIED
COMPLAINT

4

# EXHIBIT F

Case 2:11-cv-05548-GHK -MRW   Document 1   Filed 07/06/11   Page 43 of 59   Page ID #:43
Case 2:10-cv-04753-DSF -PJW   Document 30-1   Filed 04/25/11   Page 48 of 80   Page ID
#:272

1  | Philip M. Aidikoff, State Bar # 65014
2  | Robert A. Uhl, State Bar # 75124
   | Ryan K. Bakhtiari, State Bar # 199147
3  | AIDIKOFF, UHL & BAKHTIARI
   | 9454 Wilshire Blvd., Suite 303
   | Beverly Hills, CA 90212
4  | Telephone (310) 274-0666 • Facsimile (310) 859-0513

**FILED**
Los Angeles Superior Court

**APR 1 7 2009**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
CHADNA WESLEY

5  | David G. Spivak, State Bar # 179684     David Harrison, State Bar # 209136
   | THE SPIVAK LAW FIRM                     LAW OFFICES OF DAVID HARRISON
6  | 9454 Wilshire Blvd., Suite 303          9454 Wilshire Blvd., Suite 303
   | Beverly Hills, CA 90212                 Beverly Hills, CA 90212
7  | Telephone (310) 499-4730 • Facsimile (310) 499-4739   Telephone (310) 499-4732 • Facsimile (310) 499-4740

8  | Attorneys for Plaintiffs

9  | 

10 |               SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 |            FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

12 | JOSE TAPIA; ARACELI PEREZ-SOSA;          Case No.: BC377114
   | RAUL SANCHEZ; and ROSA MARIA
13 | SANCHEZ-HERNANDEZ, on behalf of all      **PLAINTIFF'S NOTICE OF MOTION**
   | other similarly situated current and former   **AND MOTION FOR AN ORDER FOR**
14 | employees and the general public,        **THE AWARD OF ATTORNEYS' FEES**
   |                                          **IN THE AMOUNT OF $210,000.00 AND**
15 |          Plaintiffs,                     **COSTS IN THE AMOUNT OF $10,000.00**
   |                                          **AND AN ENHANCEMENT AWARD TO**
16 |     vs.                                  **EACH NAMED PLAINTIFF IN THE**
   |                                          **AMOUNT OF $2,500.00;**
17 | MANGEN GROUP, INC., a California         **DECLARATIONS OF DAVID G.**
   | corporation; MANGEN ENTERPRISES, INC.,   **SPIVAK, RYAN BAKHTIARI, DAVID**
18 | a California Corporation; and DOES 1 through   **HARRISON, ARACELI PEREZ-SOSA,**
   | 100, inclusive,                          **RAUL SANCHEZ, JOSE TAPIA AND**
19 |                                          **ROSA MARIA SANCHEZ-HERNANDEZ;**
   |                                          **AND EXHIBITS IN SUPPORT THEREOF**
20 |          Defendants.
   |                                          *(Motion for Final Class Action Settlement*
21 |                                          *Approval filed concurrently herewith)*

22 |                                          Mot. hearing date:    May 11, 2009
23 |                                          Mot. hearing time:    8:30 a.m.
   |                                          Mot. hearing dept.:   56, Hon. Jane Johnson
24 |
25 |                                          Action filed:         09/05/07
26 |
27 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
28 |

**Exhibit C**
**48**

Case 2:11-cv-05548-GHK -MRW   Document 1   Filed 07/06/11   Page 44 of 59   Page ID #:44
Case 2:10-cv-04753-DSF -PJW   Document 30-1   Filed 04/25/11   Page 49 of 80   Page ID
#:273

PLEASE TAKE NOTICE that, on May 11, 2008, at 8:30 a.m., or as soon thereafter as counsel may be heard in Department "56" of the above-entitled court, located at 111 North Hill Street, Los Angeles, California 90012, Plaintiffs Jose Tapia, Araceli Perez-Sosa, Raul Sanchez, and Rosa Maria Sanchez-Hernandez and the class will and hereby do move the Court for an Order Awarding of Attorneys' Fees in the amount of $210,000.00 and Costs in the amount of $10,000.00 and an enhancement award to each of the named Plaintiffs in the amount of $2,500.00.

The motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and attachments thereto, the Declarations, the Exhibits appended to the motion, all papers and pleadings on file in this action, those matters to which the Court takes judicial notice, the Reply Brief (if any), and any other matters that may be considered by the Court upon hearing of the Motion.

Respectfully submitted,

THE SPIVAK LAW FIRM



Date:   April 16, 2009          By:   _____
                                      DAVID G. SPIVAK, Attorney for Plaintiffs

Exhibit C
49

Case 2:11-cv-05548-GHK -MRW   Document 1   Filed 07/06/11   Page 45 of 59   Page ID #:45
Case 2:10-cv-04753-DSF -PJW   Document 30-1   Filed 04/25/11   Page 50 of 80   Page ID
#:274

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 1

I.    INTRODUCTION ........................................................................................... 1

II.   SUMMARY OF THE CASE AND SETTLEMENT ..................................... 1

III.  CLASS CERTIFICATION ............................................................................. 4

IV.   SUMMARY OF THE SETTLEMENT .......................................................... 4

      A.   Total Settlement Fund.......................................................................... 4

      B.   Payment of Claims............................................................................... 4

      C.   Additional Compensation for Active Litigants................................... 4

      D.   Attorney's Fees and Costs ................................................................... 5

V.    ARGUMENT ................................................................................................. 5

      A.   The Proposed Enhancement Awards are Proper.................................. 5

      B.   Attorneys' Fees of $210,000.00 Are Reasonable and Appropriate ...... 8

           1.   Plaintiffs' Counsel's Fee Request is Supported by the Percentage-of-the-Recovery Analysis ....................................................................... 8

           2.   Plaintiffs' Counsel's Fee Request is also Supported by the Lodestar Approach........................................................................... 8

           3.   Plaintiffs' Request for Reimbursement of $10,000.00 in Costs is Reasonable and Proper....................................................... 11

VI.   CONCLUSION ............................................................................................ 12

i

Notice & Mot for Order Awarding of Attorneys' Fees and Costs/Enhancement

Exhibit C
50

## TABLE OF AUTHORITIES

**Cases**

Bell v. Farmers Insurance Exchange
        (2004) 115 Cal.App.4th 715 ...................................................... 8

Bussey v. Affleck
        (1990) 225 Cal.App.3d 1162 ...................................................... 11

Dunk v. Ford Motor Co.
        (1996) 48 Cal.App.4th 1794 ...................................................... 8

In re Businessland Sec. Litig.,
        (N.D. Cal. 1991) Case No. 90-20476 RFP, slip. op. ................ 11

In re GNC Shareholder Litig.
        (W.D. Pa. 1987) 668 F.Supp. 450 .......................................... 11

In re Mego Fin. Corp. Sec. Litig.,
        213 F.3d 454 (9th Cir. 2000) ...................................................... 6

In re Southern Ohio Correctional Facility
        (S.D. Ohio 1997) 175 F.R.D. 270 .............................................. 6

In re US Bancorp Litig.,
        291 F.3d 1035 (8th Cir. 2002) .................................................... 6

In re Warner Communications Sec. Litig.
        (S.D.N.Y. 1985) 618 F.Supp. 735 ............................................ 11

Ingram v. Coca-Cola Co.
        (N.D. Ga. 2001) 200 F.R.D. 685 ................................................ 6

Lealao v. Beneficial California, Inc.
        (2002) 82 Cal. App.4th 19 ...................................................... 8, 9

Lo Re v. Chase Manhattan Corp.
        (S.D.N.Y. 1979) 19 F.E.P. Cas. (BNA) 1366 ............................ 5

Officers for Justice v. Civil Serv. Comm'n of San Francisco
        (9th Cir. 1982) 688 F.2d 615 at 628, cert. denied, (1983) 459 U.S. 1217 ............ 5

Petrovic v. Amoco Oil Co.
        (8th Cir. 1999) 200 F.3d 1140 .................................................... 6



*Roberts v. Texaco, Inc.,*
    (S.D.N.Y. 1997) 979 F.Supp. 185................................................................ 6

*Serrano v. Priest*
    (1977) 20 Cal.3d 25 .......................................................................... 8, 9

*Sheppard v. Consol. Edison Co. of N.Y., Inc.*
    (S.D.N.Y. Aug. 1, 2002) U.S.D.C. Case No. 94-CV-0403 (JG), 2002 U.S. Dist. LEXIS
    16314............................................................................................ 6

*Staton v. Boeing Co.*
    (9th Cir. 2003) 327 F.3d 938 ............................................................... 6

*Thayer v. Wells Fargo Bank*
    (2001) 92 Cal.App.4th 819 ................................................................. 10

*Wershba v. Apple Computer*
    (2001) 91 Cal. App. 4th 224 ................................................................ 8

**Statutes**

Labor Code § 90.5.................................................................................. 7

**Other Authorities**

Conte, Attorney Fee Awards, § 2.08 at pp. 50-51 (2d Ed. 1977) .......................... 11

Notice & Mot for Order Awarding of Attorneys' Fees and Costs/Enhancement

Exhibit C
52

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

By this Motion, Plaintiffs Plaintiffs Jose Tapia, Araceli Perez-Sosa, Raul Sanchez, and Rosa Maria Sanchez-Hernandez ("Plaintiffs") seek an award of Attorneys' Fees of $210,000.00 and reimbursement of costs in the amount of $10,000.00 and an enhancement award for each named class Plaintiff.

### II.     SUMMARY OF THE CASE AND SETTLEMENT

Mangen was incorporated in California on November 12, 2004. Howard Mangen is the sole shareholder of Mangen. Commencing in April of 2005, Mangen began acquiring existing Burger King Restaurants.

Prior to June 15, 2006, Plaintiffs were, or had been, employees of Singjoy Co., Inc. ("Singjoy") which owned and operated Burger King stores 6023, 6581 and 8908. They became employees of Mangen when Mangen acquired those three stores from Singjoy in June of 2006, with the exception of Tapia, who was a former Singjoy employee in June of 2006 and applied to Mangen for employment after Mangen purchased the Singjoy Burger King stores.

Sanchez-Hernandez was employed by Mangen from June of 2006 until August 5, 2007. Tapia and Sanchez were employed by Mangen from June of 2006 until August 20, 2007. Perez-Sosa was employed with Mangen from 2006 until October 7, 2007.

On September 5, 2007 Plaintiffs filed a complaint (the "Complaint") commencing the Lawsuit, naming Mangen and Mangen Enterprises, Inc. ("MEI") as defendants and alleging causes of action for Failure to Pay Overtime Pay, Labor Code Sections 500, 510, 1194 and 1198; Failure to Provide Rest Periods, Labor Code Section 226.7(A); Failure to Provide Meal Periods, Labor Code Section 226.7(A); Failure to Pay Wages For Hours Worked and/or Minimum Wage, Labor Code Sections 500, 510, 1194 and 1198; Failure to Issue Accurate Payroll Statements, Labor Code Section 226(A); and Unfair, Deceptive and/or Unfair Business Practices, Business & Professions Code Sections 17200, et. seq.

Specifically, Plaintiffs alleged that Mangen, which operated between 19 and 22 Burger King Restaurants during the four (4) years preceding the filing of the Complaint, had committed numerous wage and hour violations with respect to its employees. Plaintiffs alleged that Mangen

(1) failed to pay its employees overtime pay for overtime and double-time worked; (2) altered payroll and time records to deprive employees of overtime pay; (3) failed to provide employees with rest periods; (4) failed to provide employees with meal periods; (5) failed to pay employees for denied rest and meal periods; and (5) failed to maintain proper payroll and time records. Plaintiffs also alleged that Mangen failed to pay them for all hours worked.

Mangen denied Plaintiffs' allegations of systematic violations of applicable wage and hours statutes.

Initially the Lawsuit included MEI as a defendant. On April 11, 2008, Plaintiffs dismissed MEI from the Lawsuit.

The parties entered a Settlement Agreement ("Agreement"), which the court preliminarily approved on Marcy 13, 2009.  Counsel on both sides conducted substantial discovery prior to execution of the Agreement, including depositions of owner Howard Mangen and Bash Gupta, Mangen director of operations.

Plaintiffs also conducted written discovery, including service of multiple demands for production of documents and form and special interrogatories. In response, Mangen has served written responses and provided Plaintiffs with thousands of pages of documents.

In one set of special interrogatories Plaintiffs requested the names, addresses and telephone numbers of each of Mangen's current and former employees. Mangen objected to the discovery as violating the privacy rights of Mangen's employees.

On May 12, 2008, the Court ruled on Plaintiffs' Motion to Compel, ordering the parties to prepare a letter and post card meeting the procedural requirements of *Belaire-West Landscape, Inc.* in order to protect the employees' privacy rights.

Pursuant to the Court's order, letters were sent to 1,629 current and former Mangen employees (the total number of current and former employees at the time of the mailing) asking them if they wished to preserve their right to privacy by "opting out" of the disclosure of their contact information to Plaintiffs.

Mangen received 416 post cards objecting to the disclosure of employee information, including 369 from a total of 396 current employees (an "opt out" rate of more than 93%). After adjusting for the number of employees who were terminated in the period of time between preparation of the letters and distribution to current employees with their paychecks, the "opt out" rate for current Mangen employees was actually in excess of 98%. In addition, Mangen

received 47 post cards from former employees (4%), together with 282 letters returned as undeliverable.

Mangen served Plaintiffs with multiple sets of written discovery, including but not limited to requests for admissions, demands for production of documents, form and special interrogatories. In response to this discovery, Plaintiffs served written responses and produced hundreds of pages of documents.

In addition to substantial discovery, Counsel for Mangen and Plaintiffs have both conducted extensive research of the applicable facts and law relating to the Lawsuit, including the recent decision in *Brinker Restaurant Corporation v. The Superior Court of San Diego County*.

Ultimately, the Parties reached a settlement of all claims. Mangen denied that it knowingly or repeatedly violated the wage and hour laws applicable to its employees. Mangen entered into the Agreement solely to obtain a dismissal with prejudice of the claims that have been, or could have been, filed against it in the Plaintiffs' lawsuit and to avoid the costs and risks of further litigation with respect to the claims of Plaintiffs and the Class.

In agreeing to the settlement, Plaintiffs' Counsel recognized the expensive and lengthy nature of continued proceedings necessary to prosecute the Lawsuit against Mangen through class certification, trial and appeals. Plaintiffs' Counsel took into account the uncertain outcome and risk of any litigation, especially in complex actions such as the Lawsuit in which Mangen has alleged a number of substantive affirmative defenses, and the difficulties and delays inherent in such litigation. Plaintiffs' Counsel also took into account the recent decision in the *Brinker* case into account.

In deciding to settle with Mangen, Plaintiffs' Counsel considered the following facts:

(1)     the *Brinker* case might negatively affect Plaintiffs' and the Class' ability to obtain class certification;

(2)     Mangen raised several substantive affirmative defenses to the claims and class certification; and

(3)     Mangen's financial condition could impact the ability of Plaintiffs and the Class to recover on any judgment which might be entered.

The settlement requires Defendant to pay a maximum sum of $700,000 in full and complete settlement of all claims, matters, damages and costs, as determined by the number of

claims made by current and former Mangen employees. Mangen will pay a minimum sum of $350,000 in settlement of all claims regardless of the number of claims made under this settlement by current and former Mangen employees.

From the maximum Settlement Fund of $700,000, Defendant agrees to pay the following costs: (1) Defendant will not oppose a request for Plaintiffs' attorney's fees that does not exceed 30% of the gross Settlement Fund or Two Hundred Ten Thousand Dollars ($210,000); (2) Defendant shall reimburse Class Plaintiffs' Counsel Ten Thousand Dollars ($10,000) for litigation costs; and (3) Defendant will not oppose a request for an enhancement fee to Class Plaintiffs not to exceed $10,000, representing $2,500 per Class Plaintiff.

In light of these facts, Plaintiffs' Counsel determined that the settlement with Mangen set forth in the Agreement is in the best interest of Plaintiffs and the Class.

### III.   CLASS CERTIFICATION

By order of this Court dated March 13, 2009 this Court provisionally certified a class for purposes of settlement which consists of all current and former Mangen employees from September 5, 2003 through May 13, 2009.

### IV.   SUMMARY OF THE SETTLEMENT

**A.**   **Total Settlement Fund**

The total settlement amount is Seven Hundred Thousand Dollars ($700,000).

**B.**   **Payment of Claims**

The primary mechanism for settlement involves a cash payment to each class member who files a valid claim based upon the number of work weeks worked during the Class Period, September 5, 2003 up to May 13, 2009.

**C.**   **Additional Compensation for Active Litigants**

In recognition of the significantly increased risks and burdens undertaken by the four named Plaintiffs, Jose Tapia, Araceli Perez-Sosa, Raul Sanchez, and Rosa Maria Sanchez-Hernandez, the settlement provides each with additional compensation in the amount of $2,500.00.  This compensation shall be in addition to whatever portion of the settlement

4

proceeds each named plaintiff is otherwise entitled to receive. The enhancements are intended to compensate the named Plaintiffs fairly for the additional burdens and risks they undertook by assisting counsel in the prosecution of the lawsuit, which included submitting to interviews, responding to numerous interrogatories, and maintaining communication with former and current employees about the status of this case.

**D.    Attorney's Fees and Costs**

The settlement agreement provides for reasonable attorneys' fees of up to 30% of the gross fund value (or $210,000) and costs in the amount of $10,000.00 plus claims administration costs. Payment of these sums shall extinguish Plaintiffs' claims for all costs and for all fees incurred for all work performed by counsel in this case from its inception through its conclusion.

Here, Plaintiffs' counsel achieved a more than just settlement for the class, considering the risks involved and Mangen's affirmative defenses, thereby enabling each authorized claimant to recover claimed wages, interest and penalties. This settlement was achieved after many months of investigation and litigation, and ultimately mediation. Plaintiffs' counsels' work is not yet complete, since they will spend additional hours overseeing and participating in the claims administration process before the final checks are distributed to class members. The work performed to date has been substantial and the arms-length negotiations between the parties has resulted in a settlement with great potential benefit to the class.

## V.    ARGUMENT

**A.    The Proposed Enhancement Awards are Proper**

Pursuant to Section 2.1.1 of the Settlement Agreement, the parties have agreed that Enhancement Awards of $2,500.00 to each of the four class representatives are appropriate. Courts have acknowledged that active litigants are entitled to be compensated for bearing the risk and time to represent others. *Lo Re v. Chase Manhattan Corp.* (S.D.N.Y. 1979) 19 F.E.P. Cas. (BNA) 1366. Where class representatives are provided with special compensation as part of a class settlement, the Court should ensure that it is fair and reasonable. However, "[i]t is the complete package, taken as a whole, rather than the individual component parts, that must be examined." *Officers for Justice v. Civil Serv. Comm'n of San Francisco* (9th Cir. 1982) 688 F.2d 615 at 628, *cert. denied*, (1983) 459 U.S. 1217.

Case 2:11-cv-05548-GHK -MRW   Document 1   Filed 07/06/11   Page 53 of 59   Page ID #:53
Case 2:10-cv-04753-DSF -PJW   Document 30-1   Filed 04/25/11   Page 58 of 80   Page ID
#:282

First, incentive awards "are not uncommon and can serve an important function in promoting class action settlements." *Sheppard v. Consol. Edison Co. of N.Y., Inc.* (S.D.N.Y. Aug. 1, 2002) U.S.D.C. Case No. 94-CV-0403 (JG), 2002 U.S. Dist. LEXIS 16314, at *16; *see also Petrovic v. Amoco Oil Co.* (8th Cir. 1999) 200 F.3d 1140 (noting that class representatives frequently receive substantial incentive payments); *In re Southern Ohio Correctional Facility* (S.D. Ohio 1997) 175 F.R.D. 270, 272 ("[c]ourts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation"), *and cases cited therein*. Such awards are justified when, as here, the class representatives have expended considerable time and effort on the case, especially by advising counsel, or when the representatives risk retaliation as a result of their participation. See, e.g., *Ingram v. Coca-Cola Co.* (N.D. Ga. 2001) 200 F.R.D. 685, 694. Specifically in the context of employment-related cases, many courts have recognized that a class representative "'lends his or her name and efforts to the prosecution of litigation at some personal peril.'" *Sheppard*, 2002 U.S. Dist. LEXIS at *17 (citing *Roberts v. Texaco, Inc.*, (S.D.N.Y. 1997) 979 F.Supp. 185, 200).

Second, the Enhancement Awards are reasonable and proportionate to the monetary relief provided by the Settlement Agreement as the monetary benefits provided by the Settlement Agreement to the absent members of the Settlement Class will far outweigh the additional compensation sought for the named Plaintiffs. The Enhancement Award per named-Class Plaintiff, totaling only $10,000, is only 0.36% of the $700,000 settlement. The Ninth Circuit has approved of incentive awards in cases on all fours with that here. *Staton v. Boeing Co.* (9th Cir. 2003) 327 F.3d 938, 977, in which the court held:

> "We have, however, approved incentive awards of $ 5,000 each to the two class representatives of 5,400 potential class members in a settlement of $1.725 million. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000); *see also In re US Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (approving $ 2,000 incentive awards to five named plaintiffs out of a class potentially numbering more then 4 million in a settlement of $ 3 million); *Cook*, 142 F.3d at 1016 (approving, in the context of a recovery of more than $14 million, an incentive payment of $ 25,000 to one named plaintiff who "spent hundreds of hours with his attorneys and provided them with 'an abundance of information."

See also *Sheppard*, 2002 U.S. Dist. LEXIS at *21-23 (finding appropriate and approving

Exhibit C
58

Case 2:11-cv-05548-GHK -MRW   Document 1   Filed 07/06/11   Page 54 of 59   Page ID #:54
Case 2:10-cv-04753-DSF -PJW   Document 30-1   Filed 04/25/11   Page 59 of 80   Page ID
#:283

1  incentive awards to six named plaintiffs ranging from $8,333 to $29,167 in Title VII class action

2  brought on behalf of a putative class of approximately 2,406 employees that settled for

3  $6,745,000 where the mean class member award was $2,767).

4  　　　The third reason that the Enhancement Awards should be granted is that these individuals

5  have expended significant time and effort providing assistance to Plaintiffs' counsel, gathering

6  and reviewing documents, meeting with counsel regarding their claims and the claims of co-

7  workers, interviewing co-workers concerning their claims, and arranging for meetings between

8  the attorneys and class members to discuss the status of the litigation. The four class

9  representatives vigorously asserted the interests of the putative class throughout the litigation and

10  their contribution to the investigation, prosecution, and settlement of this case was invaluable.

11  Each of the four spent over four hours working with counsel and their staff and a combined total

12  of 30 hours each in connection with this lawsuit. Spivak decl. at ¶¶ 19-21; Sanchez decl.;

13  Sanchez-Hernandez decl.; Tapia decl.; and Perez-Sosa decl.

14  　　　The parties believe that the Enhancement Awards provided in the Settlement Agreement

15  are fair and reasonable. Notice was provided to the class that the Enhancement Awards would be

16  paid, and no class member has objected. The Court should find the Enhancement Awards

17  reasonable and fair to other class members, who undertook none of the risks which named

18  Plaintiffs did, yet stand to benefit substantially from their willingness to come forward.

19  　　　In sum, the named Plaintiff took risks, bore hardships, and made sacrifices that absent

20  class members did not. Rewarding their efforts is a proper incentive for individuals to come

21  forward to challenge wage and hour violations on a class-wide level, thus fulfilling the policies

22  and purposes underlying the California Labor Code. See Labor Code § 90.5(a) (stating that it is

23  the policy of this State to vigorously enforce minimum labor standards, to ensure that employees

24  are not required or permitted to work under substandard and unlawful conditions, and to protect

25  law-abiding employers and their employees from competitors who lower their costs by failing to

26  comply with minimum labor standards). In view of the potential risk inherent in any employment

27  case and the time involved in actively participating in the litigation, the proposed enhancements

28  to the class representatives are fair and reasonable in this case.



**B.**   **Attorneys' Fees of $210,000.00 and Costs of $10,000.00 Are Reasonable and Appropriate**

Here, in view of Mangen's defenses, Plaintiffs' counsel achieved a favorable settlement for the class, enabling each claimant to recover a portion of his or her damages. This settlement was achieved after several months of litigation and discovery, and ultimately mediation. Plaintiffs' counsel's work is not yet complete, since they will spend many additional hours overseeing and participating in the claims administration process before the final checks are distributed to class members. The work performed to date has been substantial and the arms-length negotiations between the parties has resulted in a settlement with great potential benefit to the class.

**1.**   **Plaintiffs' Counsel's Fee Request is Supported by the Percentage-of-the-Recovery Analysis**

Where the class action settlement is an "all cash" settlement, as is this one, California courts typically apply a percentage-of-the-fund approach in awarding attorneys' fees to Class Counsel. *(Serrano v. Priest* (1977) 20 Cal.3d 25, 34.) In *Serrano*, the California Supreme Court held that:

> "where a number of persons are entitled in common to a specific fund, and an action brought by a plaintiff or plaintiffs for the benefit of all results in the creation or preservation of that fund, such plaintiff or plaintiffs may be awarded attorneys' fees out of the fund."

Id. at *34; see also* Bell *v. Farmers Insurance Exchange* (2004) 115 Cal.App.4th 715 (25% fee awarded from $90 million dollar fund); *Lealao v. Beneficial California, Inc.* (2002) 82 Cal. App.4th 19; *Wershba v. Apple Computer* (2001) 91 Cal. App. 4th 224, 254 (recognizing two methods for calculating attorneys' fees in class actions - the percentage of recovery and the lodestar/multiplier method).

**2.**   **Plaintiffs' Counsel's Fee Request is also Supported by the Lodestar Approach**

In the alternative to the percentage-of-the-fund model, many California courts apply the

Case 2:11-cv-05548-GHK -MRW   Document 1   Filed 07/06/11   Page 56 of 59   Page ID #:56
Case 2:10-cv-04753-DSF -PJW   Document 30-1   Filed 04/25/11   Page 61 of 80   Page ID
#:285

traditional lodestar analysis to evaluate fee awards in class action cases, which takes into account the hours worked and the attorney's hourly rates. *Serrano v. Priest* (1977) 20 Cal.3d 25, 48, fn. 3; *Lealao v. Beneficial California, Inc.* (2002) 82 Cal.App.4th 19; *Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1810.

Class counsel's current lodestar at applicable current market rates totals $258,134.50. Spivak Decl. ¶ 24; Baktiari Decl ¶¶ 12-13; Harrison Decl ¶ 16. As of April 10, 2009, David Spivak spent approximately 393.35 hours working on this case. A reasonable hourly rate for an attorney with over 13 years of experience in employment is $525.00. At this hourly rate, Mr. Spivak alone has earned $206,508.75 working on this case. His paralegals as of April 6, 2009, Breck Oyama and Techea' Adams had collectively performed an additional two hours and ten minutes on this case, totaling $330.00 (at a rate of $150.00 per hour). This is a reasonable hourly rate in view of the fact that Judges of this Court have awarded attorney fees at approximately the same hourly rate to attorneys of comparable time practicing employment law. Spivak decl. ¶¶ 32-34.

Ryan Bakhtiari performed at least $40,807.25 worth of legal services on this case. Mr. Bakhtiari, an attorney of over 11 years with significant experience in complex representative litigation, normally bills at $605 per hour. He performed approximately 67.45 hours of legal work on this case.

The three firms' respective numbers as of April 6, 2009 are:

| | |
|---|---|
| The Spivak Law Firm | $213,935.00[1] |
| The Law Offices of David Harrison | $5,680.00[2] |
| Aidikoff, Uhl & Bakhtiari | $59,914.63 |
| **Total** | **$279,529.63** |

Each of the three firms' lodestar numbers and a description of the work performed is contained in their respective declarations. *Id.* If the Court so wishes, Plaintiffs will provide the detailed time records for an in camera review.

---

[1] 393.35 hours and $7,426.25 in costs.

[2] 14.2 hours and no costs.

Notice & Mot for Order Awarding of Attorneys' Fees and Costs/Enhancement

Exhibit C
61

After examining the time and labor required of the attorneys, the Court may adjust the lodestar by considering the following relevant factors: (1) the extent to which the litigation precluded other employment by the attorneys; (2) the contingent nature of the fee agreement, both from the point of view of eventual success on the merits and from the point of view of securing a fee award; (3) the experience, reputation, and ability of the attorneys who performed the services, and the skill they displayed in litigation. *Serrano v. Priest*, *supra*, 20 Cal.3d at 49; *Lealao v. Beneficial California, Inc.*, *supra*, 82 Cal. App. 4th at p.26. On the third factor, California courts may also consider the "results obtained." *Thayer v. Wells Fargo Bank* (2001) 92 Cal.App.4th 819, 838.

Each of these three lodestar factors supports the fee request here. First, litigation of this case precluded Plaintiffs' counsel from taking other cases. Spivak Decl. ¶¶ 28-29. All three Plaintiffs' firms who worked on the case are smaller firms, with less than 7 lawyers collectively. See all attached decls. As a result the number of cases they are able to take is limited and each of the firms is extremely selective about the cases they do take. As a result of these limitations, each of the firms must regularly decline to take cases which it believes are meritorious and but for the issue of staffing, would otherwise accept. Taking on larger class action cases, such as the present case, utilizes a significant portion of the firms' staff and resources and prevents the firms from taking cases which are likely to be equally or more remunerative than the present case. Bakhtiari decl. ¶ 12; Harrison decl. ¶ 16; Spivak Decl. ¶¶ 28-29.

Second, the contingent nature of this case presented a material risk for each of the plaintiff's firms. Wage and hour class action cases such as the present involve a number of complex and unsettled legal issues. For example, just days before the mediation of this case, *Brinker Restaurant Corporation v. Supreme Court* (2007) 2007 Cal. LEXIS 12247 was decided. The California Supreme Court granted review of *Brinker* on the issue of an employer's specific duty to provide meal breaks, rest breaks, overtime and pay for off-the-clock work. It also challenged whether class actions are an appropriate vehicle for wage and hour claims. The duty issue in *Brinker* could change the landscape for cases such as present. As a result of the unsettled nature of the law in this area, the ability to succeed on the merits and to recover attorney's fees in wage and hour class action cases such as the present is very risky. Spivak decl. ¶ 30.

Finally, the lodestar analysis looks to the experience, reputation, and ability of the plaintiffs' counsel as well as the skill they displayed in litigation. Plaintiffs' current counsel, The

**Exhibit C**
**62**

1  Spivak Law Firm, Aidikoff, Uhl & Baktiari and The Law Offices of David Harrison are well

2  known Plaintiff's side law firms in Los Angles. The Spivak Law Firm has substantial experience

3  litigating wage and hour cases. Spivak decl. ¶ 14. All three firms have experience litigating

4  representative actions and complex cases. Aidikoff, Uhl & Baktiari has been regularly

5  recognized as a leader in its field. As a result of their skill and experience, Plaintiffs' counsel was

6  able to efficiently litigate this case. While this case involved many factual nuances not seen in

7  other wage and hour class action cases, counsels' experience allowed them to prosecute the

8  litigation with fewer attorney's hours than less experienced firms. Spivak decl. ¶ 14.

9  ### 3.   Plaintiffs' Request for Reimbursement of Costs In The Amount of $10,000.00

10  is Reasonable and Proper

11  In total, as set forth in the declarations of counsel to this Court, Plaintiffs' counsel have

12  incurred an aggregate of $21,545.13 in unreimbursed costs and expenses in prosecuting this case

13  as of April 6, 2009. Spivak decl. ¶¶ 23-24; Baktiari decl. ¶¶ 13-14; and Harrison decl. ¶ 17.

14  Defendant has agreed to reimbursement of Plaintiff's costs in the amount of $10,000.00. Over

15  the past several months, Plaintiffs' counsel have incurred expert costs, deposition costs,

16  mediation costs, travel costs, filing fees, motions fees, discovery and computer research costs,

17  photocopies, faxes, telephone charges, and postage. All of these costs and expenses were

18  reasonable and necessary to bring this case to closure.

19  As one commentator noted, "the prevailing view is that expenses are awarded in addition

20  to the fee percentage." Conte, Attorney Fee Awards, § 2.08 at pp. 50-51 (2d Ed. 1977). Indeed,

21  courts routinely reimburse plaintiffs' counsel for the costs incurred in prosecuting cases on a

22  contingent fee basis. See; *In re Businessland Sec. Litig.*, (N.D. Cal. 1991) Case No. 90-20476

23  RFP, slip. op. at p. 4 and cases cited therein; *In re Warner Communications Sec. Litig.* (S.D.N.Y.

24  1985) 618 F.Supp. 735, aff'd, (2d. Cir. 1986) 798 F.2d 35; *In re GNC Shareholder Litig.* (W.D.

25  Pa. 1987) 668 F.Supp. 450, 452. The recovery of costs is to include all out of pocket costs not

26  part of overhead which are typically billed to a client. *(Bussey v. Affleck* (1990) 225 Cal.App.3d

27  162.) All of the categories of costs sought here by Plaintiffs are typically billed to a client.

28  Spivak decl. ¶ 31; Baktiari decl. ¶ 15; and Harrison decl. ¶ 18.

## VI.   CONCLUSION

The parties have reached an agreement that disposes of the risks, costs and delay associated with further litigation, while allowing payments to class members on a fair and equitable basis. Defendant denies liability in any amount approaching the settlement figure, but seeks, through this settlement, to obtain closure to this litigation. No class member has objected to the settlement. The settlement is reasonable, fair, and adequate and should be given final approval. The settlement agreement contemplates that Plaintiffs' counsel will be paid attorneys' fees in the amount of $210,000.00 (30% of the gross settlement) and costs in the amount of $10,000.00. In view of the fact that the legal work performed by Plaintiffs' counsel greatly exceeds $210,000.00 and their costs exceed $10,000.00, the Court should award Plaintiffs' counsel the fees and costs they seek by this motion.

Respectfully submitted,

THE SPIVAK LAW FIRM

Date:      April 16, 2009          By:

DAVID G. SPIVAK, Attorney for Plaintiffs

12

Notice & Mot for Order Awarding of Attorneys' Fees and Costs/Enhancement

Exhibit C
64