# MEMORANDUM

JS 6

| | | | |
|---|---|---|---|
| Case No. | CV 11-5548 DSF (PJWx) | Date | 7/27/11 |
| Title | Sandra Olmos-Petrovich v. HSBC Pay Services, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Case to Superior Court

This case was removed from state court on July 6, 2011 based on both traditional diversity jurisdiction and jurisdiction under the Class Action Fairness Act ("CAFA"). The complaint clearly and unequivocally disclaims individual recovery "inclusive of all relief" in excess of $75,000 and aggregate class recovery "inclusive of all relief" in excess of $5,000,000. (See Compl. ¶¶ 4, 5, Prayer for Relief.) Therefore, Defendants are required to demonstrate to a legal certainty that the actual amount in controversy exceeds $5,000,000 for the aggregate class. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699-700 (9th Cir. 2007). Alternatively, they are required to prove individual amounts in controversy in excess of $75,000 at least by a preponderance of the evidence. See id. at 699 n.3 (leaving open question of whether "legal certainty" standard applies to removing defendant under traditional diversity).

Defendants' showing in their original Notice of Removal fell comically short of even a preponderance standard on both issues. The "Corrected" Notice of Removal – in reality an amended notice of removal – provides more detail, but still falls woefully short of the preponderance standard.

Defendants make repeated speculative assertions that have no apparent basis in any evidence. Defendants argue that if Plaintiff's overtime and meal break damages amounted to "just $300 per work week" for three years, her damages would be "almost $50,000." (Corrected Notice ¶ 12.) While mathematically true, Defendants give the

**MEMORANDUM**

JS 6

Court absolutely no reason to believe that Plaintiff's damages would amount to $300 per work week. Even if Plaintiff were well paid at $30 per hour, she would have to have a claim for 10 hours of unpaid wages per week, every week, for three years to reach Defendants' "almost" $50,000.

Defendants' CAFA allegations are also insufficient for even a preponderance standard, and fall vastly short of the legal certainty standard that actually applies. Once again, Defendants merely waive their hands at the amount in controversy. They do not even explicitly claim any concrete amount of damages for each class member. Defendants merely point out that "[t]he damages for each employee could easily average $6,250 per employee [sic], [sic] over the relevant four year class period." (Corrected Notice ¶ 20.) The Court is given no basis for believing this is true. Defendants argue that this only amounts to $32.50 in "missed overtime and meal period penalties" – per week, the Court surmises, but this is not explicitly stated. Defendants then rest on how reasonable this apparently sounds to them. Of course, the standard is not whether it's reasonably possible or plausible that the amount in controversy exceeds $5,000,000. Even on a preponderance standard, the Court must be given some reason to believe that the plausible assertion is actually true. Further, in coming to their reasonable $32.50 per week figure, Defendants implicitly assume that all class members were employed for the entire class period. The Court has no reason to believe that this is true, and it is almost certainly not true.

This matter is REMANDED to the Superior Court of California, Los Angeles County.

IT IS SO ORDERED.